# 158

## HOGAN et al., trustees, v. SMITH.

No. 10231.    JULY 11, 1934.

C. C. Crockett, for plaintiffs in error.

Blackshear & Blackshear, contra.

GILBERT, J.    Citizens of Dublin purchased and paid for certain land.    For convenience title was taken in the name of the Chamber of Commerce.    It is not shown that the Chamber paid any part of the purchase-price or ever claimed the beneficial interest in the property as its own.    The Chamber appears to have looked after the land, collected the rents, and paid the expenses; but it evidently did all this as a mere convenience, and not in its own right.    There was a proposition to construct a pulp-mill, and in pursuance of this the Chamber conveyed the land on condition that the mill be operated.    The condition failed, and the title reverted.    On February 28, 1931, the Chamber deeded the land to Hogan and Smith, "in trust for the use and benefit of the citizens of Dublin."    This deed recited the essential facts above stated, and included the statement that the Chamber had contributed no part of the original purchase-money.    A few days after the execution of the deed to Hogan and Smith a judgment was rendered against the Chamber in favor of White.    Execution issued on this judgment and was levied on the land.    Hogan and Smith interposed a claim.    The judgment of the trial court found the land subject.    The claimants' motion for a new trial was overruled.    The case is here on exceptions to that judgment.

There was no dispute as to any of the material facts.    While the original deed to the Chamber of Commerce was not introduced and there is no evidence of its language, there is no doubt about its purpose and effect.    There was no intention that it should put the beneficial interest in the Chamber.    The land had been bought with money furnished by the citizens of Dublin for a specific purpose, and it was never contemplated that the Chamber should own

it. Conveyance was made to the Chamber only for convenience. In these circumstances the land would not have been subject to White's judgment against the Chamber, even if the latter had never made the deed to Hogan and Smith. It may be conceded that judgment was founded on a legal debt owed by the Chamber. It was not in any way connected with any of the transactions relative to the land. It is not contended that White had extended credit to the Chamber on the faith of its apparent ownership of the land. No question of estoppel is involved. The fact that the proximity of the dates of the deed and the judgment indicates that the Chamber desired to rid itself of even the semblance of title before the judgment was rendered does not affect the case. It had the right to do what it did do. The deed was not made to Hogan and Smith in pursuance of a fraudulent attempt to hide out its own property from one of its creditors. There was no fraud present in the transaction.

Counsel for the defendant in error insist in their brief that the Chamber was the absolute owner of the land before it was conveyed to Hogan and Smith; that the purpose for which the land had originally been bought (the pulp-mill) having failed, the Chamber was allowed to keep it as a gift. If this were substantiated, a different conclusion would result; but a careful examination of the brief of evidence does not bear out the contention of counsel. We do not find any evidence to authorize the statement that the owners of the land intended by their deed to the Chamber to make a donation of it to that organization. On the contrary, the evidence of the witness W. H. Proctor shows that the Chamber had no real beneficial interest in the land under its deed. The evidence of this witness was not substantially contradicted. The testimony of White, sometime president of the Chamber, that timber had been sold off the land and the proceeds used for expenses of the Chamber, is not sufficient to show ownership in its own right by the Chamber. The court erred in finding the property subject to the fi. fa., and in refusing to grant a new trial. This ruling renders it unnecessary to decide whether the court erred in overruling the motion to dismiss the levy.

*Judgment reversed. All the Justices concur.*